NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2281
_____


UNITED STATES OF AMERICA

v.

JEMEL MARCANO,
                              Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 08-cr-00113-001)
District Judge: Honorable James Knoll Gardner
_____


Submitted Under Third Circuit LAR 34.1(a)
on May 27, 2010

Before:  McKEE, Chief Judge, and
RENDELL, and STAPLETON , Circuit Judges.

(Filed: June 1, 2010)


_____


OPINION OF THE COURT
_____


RENDELL, Circuit Judge.

Jemel Marcano appeals from his sentence of 240 months' imprisonment for convictions on two counts of possession of heroin with intent to distribute and two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Marcano's guideline sentencing range was 262 to 327 months and the District Court was required to impose a 15-year mandatory minimum sentence pursuant to the Armed Career Criminal Act because of Marcano's firearm conviction. Marcano contends that his sentence was procedurally unreasonable because the District Court did not address his sentencing argument that the mandatory minimum was a sufficiently severe sentence given Marcano's prior sentences. He also urges that imposing 240 months' incarceration was substantively unreasonable because it is greater than necessary in order to accomplish the purposes of sentencing. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

Because we write only for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis. At the time of sentencing, Marcano was 32 years old and his criminal history indisputably qualified him as an Armed Career Criminal, based on his convictions for armed robbery, distribution of crack cocaine, and possession with intent to deliver heroin and cocaine. Marcano previously served 48 months for distributing crack cocaine, and has also served numerous other prison sentences, ranging from 34 days to three years, resulting from his

2

convictions, a parole violation, and a violation of supervised release. At Marcano's sentencing hearing, neither the government nor the defense objected to the presentence report, which calculated Marcano's sentencing guideline range to be 262 to 327 months' imprisonment, with a mandatory minimum of 15 years' imprisonment. At the beginning of the hearing, the District Court noted that it had read both the government's and Marcano's sentencing memoranda. Marcano then testified on his own behalf and his counsel presented argument, including arguments that Marcano contends the District Court ignored.

On appeal, Marcano urges that the District Court erred both procedurally and substantively by failing to address his counsel's argument that a 15 year sentence would be sufficient but not greater than necessary to accomplish the sentencing goals, urging that Marcano had faced only relatively short sentences before. We review the District Court's sentencing for reasonableness based on the totality of the circumstances, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). As we noted in *United States v. Ausburn*:

> In considering a criminal defendant's claim that a sentence is unreasonable, a reviewing court asks whether the district court: (1) exercised its discretion by giving meaningful consideration to the § 3553(a) factors; and (2) applied those factors reasonably by selecting a sentence grounded on reasons that are logical and consistent with the § 3553(a) factors. When we reach this last step, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case.

3

502 F.3d 313, 329 (3d Cir. 2007) (quotations omitted).

The first step of review described above has been characterized as "procedural" review and the second step has been characterized as "substantive" review. *Id.* A district court's explanation of its rationale need not be perfect, as judges typically rule from the bench. *Id.* Marcano claims that the District Court erred in failing to "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *Id.* at 329. However, we find that the District Court coherently and completely explained its rationale for sentencing Marcano to a below-guidelines sentence of 240 months and properly responded to Marcano's sentencing arguments. App. 194-206. In fact, the District Court's explanation of its sentencing rationale, and its consideration of the 18 U.S.C. § 3553(a) sentencing factors, is exceedingly thorough and commendable.

The District Court "considered the defendant's sentencing grounds," (App. 195), noted that Marcano had "made crime a way of life since his youth," (App. 196), engaged in a lengthy discussion of Marcano's criminal history including the prior sentences served, (App. 197-97), found that Marcano was likely to commit crimes again if on the street, (App. 198), and found it disturbing that his criminal history included a violent felony. The District Court acknowledged that the guidelines were only advisory, and despite "seriously consider[ing] the guidelines," sentenced Marcano below the guidelines because that range "was slightly but not considerably too high under all of the

circumstances." App. 199. In varying downward from the guidelines, the District Court noted that the offense at issue involved a relatively small amount of drugs and that the gun Marcano possessed was not on his person. *Id.*

The District Court further explained that it took into account both the nature and circumstances of the offense and Marcano's personal and criminal history in order to impose "a sentence sufficient but not greater than necessary to comply with the purposes set forth in [18 U.S.C. § 3553]." App. 200. The District Court noted that the offense at issue was "particularly serious," (App. 200), that Marcano's criminal history demonstrated "prominent recidivism . . show[ing] a consistent and longstanding disrespect for the law," (App. 201), and that Marcano did "not have a strong parental direction . . suffers from a substance abuse problem . . . to his credit, acquired a GED while in prison . . . but . . . really ha[d]n't utilized his education in the pursuit of any legitimate employment." App. 201-02. The District Court explicitly and thoroughly considered the need to deter Marcano and the general public from criminal activity, the need for Marcano to receive vocational training, the need to protect the public, and the need to avoid unwarranted sentencing disparities. App 202-05.

Based on the above, it is clear that Marcano's sentence is both procedurally and substantively reasonable and that the District Court did not abuse its discretion. Contrary to Marcano's claims on appeal, the Court addressed the severity of Marcano's sentence, recognized that his prior sentences had been significantly shorter, and properly supported

its finding that the sentence imposed was sufficient, but not greater than necessary to satisfy the purposes of sentencing. For the foregoing reasons we will AFFIRM the Judgment and Commitment Order of the District Court.